NO. 7665.

State of Louisiana.

Mrs. Sadie G. Henderson

Court of Appeal

Vs

Frank T. Mooney,
Superintendent of Police.

Parish Of Orleans.

# O P I N I O N.

By his Honor John St. Paul.

This is an appeal from a judgment dismissing a rule to tax the costs herein against the defendant <u>individually</u>. The issue involved is whether a public officer be individually liable, as <u>of</u> <u>course</u>, for the costs incurred by the successful adverse party in a suit directed against him in his official capacity.

## I.

The main case was this; Plaintiff's automobile, whilst in the temporary possession of a third person, came (in some way not shown by the record) into the hands of the police department of the city of New Orleans; of which defendant is the active executive head.

When plaintiff, who resides out of the city, learnt of this, she came at once to demand her property. But the Superintendent of police declined to deliver the car on plaintiffs request, unless she produced a bill of sale recognizing her as the owner."

Apparently plaintiff had not with her, at the time, her bill of sale; for she afterwards <u>sent</u> it to her attorney. Whether or not this bill of sale was ever shown to the defendant, or any further demand for the car was ever made upon him, does not appear; but plaintiff brought this suit and sequestered the car, annexing the bill of sale to the petition. The superintendent made no defense, and plaintiff had judgment by default. Thereupon this rule to tax the costs against "Frank T. Mooney, defendant" followed.

## II.

That the "Superintendent of Police" of the City of New Orleans is a public officer; that the Police Department of the city of New Orleans is a "governmental agency"; that public officers are amenable to the laws and answerable to the courts, individually and officially; are all propositions which are equally undisputed and indisputable.

179

But it seems equally true in law, and consistent with reason, that actions to compel or restrain a public officer in his official acts (i.e. acts which he can perform only by the actual power possessed by him through his tenure of the office) should be directed against him, not individually but in his official capacity; and certainly that is the common practice.

### III.

Be that as it may, this suit was brought in strict conformity to the common practice. The caption (set there by plaintiff) names as the defendant "Frank T. Mooney, Superintendent of Police:" the declaration, prayer, writ and judgment are all directed against the same "superintendent of police;" the individual, Frank T. Mooney, figures throughout only as the embodiment of the office which he holds; because "governmental agencies," as quasi-corporations, are distinct from the persons who execute them, and can function only through natural persons.

Had Frank T. Mooney died, resigned or been removed or otherwise disabled, pending this suit, not his heirs or personal representatives but his successor in office, would have remained in possession of the car and become answerable to the court for any failure to obey its mandate. This suit, then, was against the officer, not the individual.

### IV.

That public officers (excepting the Governor, or members of the General Assembly, and Judges, for reasons of high public policy) are answerable to individuals for the damages caused them ny the misuse of their power, is again indisputable; and it would seem reasonable that those damages should include, among other items of loss, the costs incurred in the successful prosecution of suits brought against them in their official capacity and not otherwise recoverable.

But the grounds of action, and the relief obtainable against the _individual_, are in the very nature of things very different from those against the officer. An action lies against the _officer_ merely because he is _wrong_, and regardless of his intentions good or bad; but against the individual only when he is _wilfully_ wrong. The officer is commanded to act or not to act, thus and so, as the law may direct; but the individual is mulcted of _money_ with which to make the injured party whole. In this connnection _see_ Act 170 of 1818; Section 24, par. 5, page 360; and Section 26, , par 2, page 361, in fine.

### V.

Whether or not an officer is liable _officially_ (i.e. out of the public funds in his control, if any) in suits in which the _officer_ is cast, is a matter which we are not called upon to investigate. The following cases may perhaps have some bearing on that point, and we note them here merely for future reference, viz, State ex rel Dufard vs Judge, 13 Orleans App 159 (161); 45 An 1299 (1303); State ex rel Lindner vs Tax Collector, 6 Orleans App 345 (347).

But this much we do feel authorized to hold, viz, that a public officer, sued and cast in his official capacity is not individually liable, as _of course_, for the costs of such suit.

To hold otherwise, would be to hold in effect, that a public officer who refuses to comply with any demand whatever made upon him as to the conduct of his office, does so at his own risk and peril, whatever may be his sincere belief as to his duty in the premises. And since human nature will ever assert itself, it follows that the public service must inevitably suffer greatly, by reason of the very natural reluctance of public officials to exhaust their substance in the payment of costs incurred in unsuccessful (even though bona fide) attempts to defend the public interests.

We therefore think that the trial judge did not err when he dismissed plaintiff's rule; and accordingly,

The judgment appealed from is affirmed.